UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SEVEN HILLS HEALTHCARE GROUP, LLC : <br> d/b/a SEVEN HILLS HEALTH AND : <br> REHABILITATION CENTER : <br> As Authorized Representative of, : <br> ARLENE CLUGGISH : <br> : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> CYNTHIA C. DUNGEY, : <br> In her official capacity as the Director of : <br> the Ohio Department of Job and Family Services, : <br> 30 East Broad Street, 32nd Floor, : <br> Columbus, Ohio 43215, : <br> : <br> And, : <br> : <br> BARBARA SEARS : <br> In her official capacity as the : <br> Director of the Ohio Department of Medicaid : <br> 50 West Town Street, Suite 400 : <br> Columbus, Ohio 43215, : <br> : <br>     Defendants : <br> : | Honorable Judge: <br><br> Case No. |

**COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT**

    I.    **PRELIMINARY STATEMENT**

As a condition of receiving Federal funds, the State of Ohio is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations, pursuant to 42 U.S.C. § 1396(c). This case concerns the failure of Defendant Cynthia C. Dungey ("Dungey"), the Director of the Ohio Department of Job and Family Services ("ODJFS" or

1

"Defendant"), and Barbara Sears ("Sears" or "Defendant"), the Director of the Ohio Department of Medicaid ("ODM" or "Defendant"), to ensure that Defendants comply with their obligation to afford Medicaid benefits to a resident, Ms. Arlene Cluggish (hereinafter referred to as "Ms. Cluggish"), in a long-term care facility in accordance with the constitution and the laws of the United States. Defendants are directly responsible for policies necessary for the implementation of a system for determination of eligibility for Medicaid that complies, in all aspects, with Federal law.

Defendants' failure to comply with both Ohio and Federal law in determining Medicaid benefits for a Resident of Petitioner's skilled nursing facility is a violation of the Federal Medicaid Act at 42 U.S.C. § 1396a (a)(17)(b) (1988); 20 CFR § 416.1201(a)(1); the Due Process Clause of the Fourteenth Amendment to the United States Constitution; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

## II. JURISDICTION AND VENUE

1. This action arises under the Title XIX of the Social Security Act, 42 U.S.C. § 1396a *et seq.* ("the Medicaid Act"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, 28 C.F.R. § 35.130, 42 CFR 435.725(e)(1), the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the Supremacy Clause, U.S. Const., Art. VI, cl. 2.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1.

5. Medicaid provides health care benefits to qualifying low-income individuals—including, in this case, the elderly and disabled. 42 U.S.C. § 1396a, *et seq.*

6. Medicaid is a joint Federal and state program whereby participating states receive Federal financial assistance and, in return, must follow the requirements of 42 U.S.C. § 1396a(a), the Medicaid Act and its rules and regulations.

### III. PARTIES

7. Plaintiff Ms. Cluggish received necessary and required 24-hour long-term nursing care services provided by Saber Healthcare through Seven Hills Healthcare Group, LLC, d/b/a Seven Hills Health and Rehab Center ("Seven Hills"). Plaintiff has appointed Seven Hills as her authorized representative to bring the instant suit on her behalf.

8. Seven Hills Healthcare Group, LLC is a limited liability company organized under the laws of the State of Ohio, and owns and operates Seven Hills Health and Rehab Center, a skilled nursing facility located 819 Rockside Road, Seven Hills, Ohio 44131.

9. Defendant Cynthia C. Dungey is the Director of the Ohio Department of Job and Family Services ("ODJFS"), which is the department of the State of Ohio that, under Ohio law and applicable Federal regulations, was the single state agency charged with responsibility for administering and supervising Ohio's Medicaid program at the time the Medicaid applications at issue here were submitted. At all times material to this Complaint, Defendant Dungey acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only.

10. The Defendant Barbara Sears is the Director of the Ohio Department of Medicaid ("ODM"), which is now the Department of the State of Ohio that, under Ohio law and applicable Federal regulations, is the single state agency charged with responsibility for administering and supervising Ohio's Medicaid program. At all times material to this Complaint, Defendant Sears

3

acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only.

### IV. STATEMENT OF FACTS

11. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

12. Seven Hills is a skilled nursing facility in the State of Ohio and, as part of its mission, is dedicated to providing compassionate, long-term care for its residents.

13. Ms. Cluggish is a resident of Ohio who suffers from numerous medical conditions that require twenty-four (24) hour care and assistance.

14. Ms. Cluggish was a resident at Seven Hills and received required medical care at Seven Hills from December 2, 2016 to May 17, 2017.

15. Ms. Cluggish was insolvent and in need of Medicaid benefits to pay for her nursing care and assistance at Seven Hills.

16. On January 21, 2017, Ms. Cluggish submitted her application for Medicaid benefits to Defendants by and through the local agency, Cuyahoga County Dept. of Job & Family Services ("CDJFS").

17. On March 16, 2017, Defendants denied Ms. Cluggish's application for Medicaid benefits based on the determination that her countable resource exceed the resource limit for the program. *See* Exhibit A, Medicaid Denial.

18. On May 8, 2017, Defendants' issued a State Hearing Decision upholding the original denial. *See* Exhibit B, State Hearing Decision.

19. On June 6, 2016, Defendants denied Ms. Cluggish's Administrative Appeal and upheld the State Hearing Decision which upheld the original denial. *See* Exhibit C, Administrative Appeal Decision.

**<u>Defendants Improperly Determined that Ms. Cluggish's Daughter's Home was a Countable Resource Under the Ohio Administrative Code</u>**

20. At all times relevant hereto, Ms. Cluggish was a married individual.

21. Ms. Cluggish and her husband are joint owners with their daughter of their daughter's home.

22. The home is located at 3006 Grantwood Dr., Parma, Ohio 44134 ("3006 Grantwood").

23. Michelle Ketchum, Ms. Cluggish's daughter, executed an affidavit stating that she refuses to sell the home located at 3006 Grantwood Dr., Parma, Ohio 44134. *See* Exhibit D, Administrative Appeal including Exhibits.

24. Defendants determined that the property is valued at $78,000.00.

25. Defendants deducted a $10,000.00 mortgage and $19,000.00 in delinquent taxes.[1]

26. Defendants ultimately determined that the equity value of the home is $49,700.00 or $16,566.00 per each of the three owners.

27. Defendants determined that the combined equity value for Ms. Cluggish and her husband is $33,132.00

28. After subtracting the $24,180.00 community spouse resources allowance maximum, Defendants determined that Ms. Cluggish has $8,952.00 in resources which exceeds the $2,000.00 resource limit for Medicaid.

29. Defendants determined that, despite the fact that Michelle Ketchum refuses to sell her one-third interest in the home located at 3006 Grantwood Dr., Parma, Ohio 44134, the home was still a countable resource.

---

[1] In the Administrative Appeal, Plaintiff pointed out that the basis for this figure was unknown to counsel.

30. Defendants determination that 3006 Grantwood was the only resource keeping Ms. Cluggish from obtaining Medicaid and that she failed to prove it was cost prohibitive to pursue legal action to force sale. This determination is without merit.

31. The Ohio Administrative Code ("OAC") defines "resources" to mean cash, other liquid asset, personal property, and real property an individual and/or the individual's spouse has an ownership interest in, has the legal ability to access in order to convert to cash (if not already cash). *See* OAC 5160:1-3-05.1 (Medicaid resource Requirement) (emphasis added).

32. Further, under OAC, if the individual shares ownership with another person and the individual is unable to make the resource available because one of the owners cannot be located, the cost of a legal action is prohibitive, or the individual was unsuccessful in a legal action, the resource is not counted. Availability of the resource is reexamined at each eligibility review. *See* OAC 5160:1-3-05.1(C)(4).

33. Ms. Ketchum refuses to sell her one-third interest in the home. Therefore, Ms. Cluggish does not have the ability to access her interest in 3006 Grantwood and covert it to cash and it is not a resource.

### Defendants Determination that Ms. Cluggish's Daughter's Home was a Countable Resource Is In Complete Disregard of the Federal Medicaid Regulations

34. Defendants argument that 20 C.F.R. § 416.1201 does not change the determining that the 3006 Grantwood Dr., Parma, Ohio 44134 property was a countable resource is erroneous.

35. Defendants violated Ohio and Federal Medicaid regulations by taking into account the house owed by Ms. Cluggish, Mr. Cluggish, and Michelle Ketchum that Michelle Ketchum refuses to sell.

36. Resources with regard to a Medicaid application are defined in the federal regulations as follows:

6

> (a)Resources; defined. For purposes of this subpart L, resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance.

20 C.F.R. § 416.1201(c).

37. Federal law mandates that a Medicaid applicant's resources are not to cause a denial when they are unavailable to the applicant. 20 C.F.R. § 416.1201(a)(1).

38. An applicant's resources are unavailable when he or she does not have the power to liquidate the asset. 20 C.F.R. § 416.1201(a)(1).

39. Plaintiff did not have the ability to liquidate 3006 Grantwood because her daughter refused to sell her one-third interest. *See* Exhibit E, Sworn Affidavit from Ms. Ketchum.

### **Defendants Violated Federal Law on Several Other Levels**

40. The Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

41. The Defendants' failure to afford Plaintiff her public benefits and services, to which she is entitled under Federal and state regulations, and failure to grant her Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq*., 28 C.F.R § 35.130 *et seq.,* and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et. seq.*

42. The actions by Defendants constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.F.R. § 41.51(d).

7

43. Ms. Cluggish is an individual who requires 24-hour skilled nursing services for her health, welfare, and survival. The Defendants' failure to grant a reasonable modification and/or accommodation to Plaintiff for needed Medicaid benefits violates § 504 of the Rehabilitation act of 1973 and it's implementing regulations.

44. Defendants' actions disproportionately impact disabled persons such as Ms. Cluggish.

45. Plaintiff had a property interest in Medicaid benefits and care protected under the due process clause of the Fourteenth Amendment to the United States Constitution.

46. Defendants deprived Plaintiff of her property interest in Medicaid benefits and care and did not provide Plaintiff adequate procedural rights prior to the deprivation.

47. The Defendants' failure to comply with Federal and state laws and regulations regarding Ms. Cluggish's Medicaid benefits, to which she is entitled under Federal and state law, placed Ms. Cluggish at risk of being discharged from Seven Hills and jeopardized her health, safety, and well-being, and caused her to accumulate a debt she could not pay, thereby depriving Seven Hills of its right to full compensation as a third party beneficiary of the agreement between Defendants and Ms. Cluggish to pay to Seven Hills the benefits due to it for 24-hour care provided to Ms. Cluggish and for which Ms. Cluggish was eligible.

48. The burden placed on Defendants, should the Court grant the relief requested in this action, is simply that Defendants will be required to comply with Federal Medicaid laws; the Defendants stand to suffer diminutive, if any, burden by affording the Plaintiff public benefits to which she is entitled pursuant to Federal law.

49. In contrast, the hardship that Defendants have inflicted on Seven Hills by failing to act on Plaintiff's rights for public benefits is considerable and impacts Ms. Cluggish' ability to receive necessary and required medical services.

50. By failing to comply with the Federal rules and regulations regarding eligibility and determining resources when assessing Plaintiff's application for Medicaid benefits, Defendants have deprived her of the rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and as preempted by the Supremacy Clause of the United States Constitution, Article VI.

51. Because Defendants have failed to comply with Federal Medicaid law, applicable authority authorizes the automatic approval of Plaintiff's Medicaid benefits and adjustment of countable resource. *See Smith v. Miller,* 665 F.2d 172, 176 (7th Cir. 1981).

52. Pursuant to the Supremacy Clause of the United States Constitution, federal law preempts state law in areas of disagreement or conflict. Federal courts have expressly held that, while Medicaid is a system of cooperative federalism, the same preemption analysis applies. Lankford v. Sherman, 451 F.3d 496, 510 (8th Cir. 2006) ("[O]nce the state voluntarily accepts the conditions imposed by Congress[,] the Supremacy Clause obliges it to comply with federal requirements"). *See, e.g.,* Lewis v. Alexander, Case No. 2006-3963 (E.D. Pa. August 23, 2011) (holding that where a state Medicaid law conflicts with a federal Medicaid statute or regulation, the state law is unenforceable).

**V. CAUSES OF ACTION**
**COUNT ONE—DECLARATORY JUDGEMENT**

53. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

54. Defendants determined that Ms. Cluggish was ineligible for Medicaid benefits based on the home owned by Ms. Cluggish, Mr. Cluggish, and Michelle Ketchum which Michelle Ketchum refuses to sell, claiming that as a result of that house, Ms. Cluggish was over the resource limit contained in Ohio Admin. Code 5160:1-3-05.1(B)(10).

9

55. Defendants wrongfully denied needed Medicaid benefits to Ms. Cluggish based on an asset that was unavailable to her.

56. The Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

57. The Defendants' failure to afford Plaintiff her public benefits and services, to which she is entitled under Federal and state regulations, and failure to grant her Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.*, 28 C.F.R § 35.130 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et. seq.*

58. The actions by Defendants constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.F.R. § 41.51(d).

59. Ms. Cluggish is an individual who requires 24-hour skilled nursing services for her health, welfare, and survival. The Defendants' failure to grant a reasonable modification to Plaintiff for needed Medicaid benefits violates § 504 of the Rehabilitation act of 1973 and its implementing regulations.

60. Defendants' actions disproportionately impact disabled persons such as Ms. Cluggish.

61. Plaintiff had a property interest in Medicaid benefits and care protected under the due process clause of the Fourteenth Amendment to the United States Constitution.

62. Defendants deprived Plaintiff of her property interest in Medicaid benefits and

care and did not provide Plaintiff adequate procedural rights prior to the deprivation.

63. By failing to comply with the Federal and Ohio state rules and regulations regarding eligibility and determining resources when assessing Plaintiff's application for Medicaid benefits, Defendants deprived her of the rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and as preempted by the Supremacy Clause of the United States Constitution, Article VI.

64. Because Defendants failed to comply with Federal and state Medicaid law, applicable authority authorizes the automatic approval of Plaintiff's Medicaid benefits and adjustment of countable resource. *See Smith v. Miller,* 665 F.2d 172, 176 (7th Cir. 1981).

65. The Defendants' failure to comply with Federal and state laws and regulations regarding Ms. Cluggish's Medicaid benefits, to which she is entitled under Federal and state law, placed Ms. Cluggish at risk of being discharged from Seven Hills and jeopardized her health, safety, and well-being, and causes her to accumulate a debt she could not pay, thereby depriving Seven Hills of its right to full compensation as a third party beneficiary of the agreement between Defendants and Ms. Cluggish to pay to Seven Hills the benefits due to it for 24-hour care provided to Ms. Cluggish and for which Ms. Cluggish was eligible.

66. The burden placed on Defendants, should the Court grant the relief requested in this action, is simply that Defendants will be required to comply with Federal Medicaid laws; the Defendants stand to suffer diminutive, if any, burden by affording the Plaintiff public benefits to which he is entitled pursuant to Federal law.

67. In contrast, the hardship that Defendants have inflicted on Seven Hills by failing to act on Plaintiff's rights for public benefits is considerable and impacts Seven Hill's fiscal health and ability to care for other residents in its facilities.

68. Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff seeks declaratory relief by this Court.

69. It is well settled that the District Court's exercise of discretion in a declaratory judgement action should be informed by a number of prudential facts, including: (1) consideration of practicality and efficient judicial administration; (2) the functions and limitations of the Federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha,* note 2, at 116 citing *Wilton v. Seven Falls Company,* 515 U.S. 288 (1995); *Green v. Mansour*, 474, U.S. 64, 72-74 (1985); *Rickover,* 369 U.S. 111 at 112-113; *Public Service Commission of Utah v. Wycoff Company,* 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgement will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra* note 2, at 116 (collecting cases; *Wilton,* 515 U.S. at 288; *Green v. Mansour,* 474 U.S. 64, 74 (1985); *Rickover,* 369 U.S. 111 at 112-113; *Wycoff,* 344 U.S. at 244.

## COUNT TWO - VIOLATION OF THE FEDERAL MEDICAID ACT'S MEDICAL ASSISTANCE, AND NURSING FACILITY SERVICES MANDATE

70. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

71. In violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A), the Defendants, while acting under the color of law, have failed to provide Plaintiff with nursing facility services necessary for the health and welfare of the disabled Plaintiff.

72. The Defendants' violations, which have been repeated and knowing, entitle Plaintiff to relief under 42 U.S.C. § 1983.

### COUNT THREE - VIOLATION OF THE FEDERAL MEDICAID ACT'S REASONABLE PROMPTNESS REQUIREMENT

73. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

74. Plaintiff was a Medicaid-eligible individual who required nursing facility services and resides in Ohio.

75. The Defendants are engaged in the repeated, ongoing failure to arrange and provide medical assistance and nursing facility services despite the fact that medical assistance and nursing facility services are medically necessary to Plaintiff.

76. In violation of 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act, the Defendants, while acting under the color of law, have failed to provide services to Plaintiff with "…reasonable promptness…". Furthermore, the Defendants are required to administer the Medicaid program in compliance with 42 C.F.R. §435.930 (requiring applicants be afforded Medicaid benefits without any delay).

77. The Defendants' violations, which have been repeated and knowing, entitle the Plaintiff to relief under 42 U.S.C. § 1983.

### COUNT FOUR – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

78. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

79. The Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

80. Plaintiff was a "qualified individual with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.*

81. The Defendants' failure to afford Plaintiff public benefits and services, to which she was entitled under Federal law, and failure to grant her Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 *et seq.*

82. Defendants' actions disparately impacted disabled persons such as Plaintiff in this matter.

83. As a consequence of Defendants' actions as described herein, Plaintiff suffers damages, including compensatory, mental anguish, and other damages.

## COUNT FIVE – VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

84. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

85. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits public entities and recipients of Federal funds from discriminating against any individual by reason of disability.

86. Defendants have directly, or through contractual or other arrangements, utilized criteria or methods of administration i) that have the effect of subjecting Plaintiff to discrimination on the basis of handicap, and ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program with respect to Plaintiff in violation of 28 C.F.R § 41.51(b)(3).

87. ODM and/or ODJFS is a recipient of Federal funds under the Rehabilitation Act. The Plaintiff was a qualified individual with a disability under Section 504 of the Rehabilitation Act.

88. The actions by ODM and/or ODJFS constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.R.R. § 41.51(d).

89. Plaintiff was an individual who required 24-hour skilled nursing services for her health, welfare, and survival. The Defendants' failure to grant payment of needed benefits to Plaintiff violates § 504 of the Rehabilitation act of 1973 and its implementing regulations.

90. As a consequence of Defendants' actions as described herein, Plaintiff suffers damages, including compensatory, mental anguish and other damages.

## COUNT SIX – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. §1983)

91. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

92. Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

93. The above acts were committed under color of state law by the Defendants. Said acts were committed by and through Defendants and/or representatives of the Defendants acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendants.

94. The Defendants acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

95. Defendants deprived Plaintiff of her property interest to which Plaintiff had a legitimate claim of entitlement. The procedures implemented by Defendants to deprive Plaintiff of her property interest were and are constitutionally insufficient.

96. To comply with the Due Process guarantees under the United States Constitution, the Defendants must provide the Plaintiff with a meaningful notice that apprises her of the reasons for

15

a denial of assistance, the authority for the denial, and an opportunity to appeal such denial of assistance.

97. Plaintiff is entitled to a hearing when such benefits are denied to her for the reasons enumerated under the Federal Medicaid act.

98. Defendants failed to consider applicable federal regulations during the administrative process.

99. Defendants' failure to allow a meaningful hearing process to Plaintiff and failure to allow for a hearing process to Plaintiff as a disabled individual, does not adequately apprise her of the actions against her, or of the reasons for the denial, or the authority for the denial. Such actions by Defendants are inconsistent with the Due Process Clause of the United States Constitution, Amendment XIV and the Medicaid Act, Title XIX of the Social Security Act, Title 42 § 1396a, et seq., and its implementing regulations.

100.    The Defendants acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights, privileges, and immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

101.    The above acts were committed under color of state law by the Defendants. Said acts were committed by the Defendants by and through representatives of the Defendants acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendants

102.    As a consequence of the Defendants' actions as described herein, Plaintiff suffered damages including compensatory, mental anguish, and other damages.

## COUNT SEVEN – TEMPORARY AND PERMANENT INJUNCTION

103. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

104. The above acts were committed under color of state law by the Defendants. Said acts were committed by and through representatives of the Defendants acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

105. The Plaintiff demands temporary and permanent injunctive relief requiring that the Defendants issue payment of her approved Medicaid benefits.

106. The Plaintiff requests that this Court issue an Order requiring the Defendants to automatically issue payment of Plaintiff's Medicaid benefits.

## VI. REQUESTS FOR RELIEF

106. Issue a Declaratory Judgment in favor of Plaintiff, requiring Defendants to adhere to the requirements of the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;

107. Declare unlawful the Defendants' failure to arrange for medical assistance and nursing facility services to Plaintiff;

108. Issue Preliminary and Permanent Injunctive relief enjoining the Defendants from subjecting Plaintiff to practices that violate her rights under the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;

109. Issue Preliminary and Permanent Injunctive relief requiring the Defendants to arrange for medical assistance and nursing facility services to Plaintiff;

110. Require Defendants to conduct a new administrative hearing wherein applicable federal and state regulations are considered;

111. Award Plaintiff the costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205; § 504 of the Rehabilitation Act, and 42 U.S.C. § 1988; and

112. Award such other relief as the Court deems just and appropriate, including, but not limited to, compensatory and punitive damages, interest, expenses and costs.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

/s/ Elizabeth Wilfong
Ohio: 0088172
sb2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (513) 814-4144
Facsimile: (717) 909-5925
ewilfong@sb2inc.com
*Attorney for Plaintiff*

s/ Katie Z. Van Lake
ARDC# 6292120
sb2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@sb2inc.com
*Attorney for Plaintiff*
*Motion for Pro Hac Vice to be filed*